UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MING FAI LEE,

         Petitioner,

   v.

JAMES KEY,

         Respondent.

Case No. C20-5631-TSZ-TLF

ORDER TO SHOW CAUSE

Petitioner Ming Fai Lee, a prisoner housed at Airway Heights Corrections Center, filed a federal habeas petition under 28 U.S.C. § 2254. Dkt. 3. Having reviewed the petition the Court finds that it appears the Court lacks jurisdiction to grant the relief requested. Therefore, the Court directs petitioner to show cause, on or before **October 5, 2020,** why his claims should not be dismissed

### Discussion

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

ORDER TO SHOW CAUSE - 1

A.  **Petitioner's Claims**

Petitioner contends he was convicted and sentenced in May 2019 in Jefferson County Superior Court under case number 18-1-00075-16 of the crimes of Attempted Rape of a Child, Commercial Sexual Abuse of a Minor, and Communicating with a Minor for Immoral Purposes. Dkt. 3. He indicates he pled guilty and did not seek further review by a higher state court or file any other petitions, applications or motions concerning his judgment of conviction in state court. *Id.* He indicates his petition does not concern his conviction but rather concerns 8 U.S.C. § 1229 immigration removal proceedings. *Id.* He alleges violation of 8 U.S.C. § 1229 and his Fourteenth Amendment Due Process rights on the grounds that "after conviction, I am subject to expeditious removal proceedings which have not been afforded to date." *Id.* He seeks a writ of habeas corpus to "initiate removal proceedings under 8 U.S.C. § 1229 et seq." *Id.* He contends under 28 U.S.C. § 2341 and § 2348 "alien individual's interests are affected by removal proceedings." *Id.* He states the Court has jurisdiction under 28 U.S.C. § 1407. *Id.* As relief he asks that he be removed from the country so he can be deported back to Hong Kong. *Id.*

B.  **Lack of Jurisdiction**

Generally, a state prisoner who wishes to challenge the legality of his conviction or sentence must file a 28 U.S.C. § 2254 petition. *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). In general, if relief is sought under 28 U.S.C. § 2254, the Court considers the merits of a habeas petition only if petitioner can show that his state judgment and conviction violate his federal constitutional rights. 28 U.S.C. § 2254(d). Here, petitioner acknowledges that he is in custody pursuant to a state court judgment

ORDER TO SHOW CAUSE - 2

and conviction but specifically states that he is not challenging the validity of the state court judgment and conviction but, rather, that he seeks to initiate removal proceedings under 8 U.S.C. § 1229. Because petitioner is not challenging the legality of his state court judgment or sentence in any way, it is not clear that it is proper for him to proceed under 28 U.S.C. § 2254 in the first instance.

But even if petitioner could pursue habeas relief, 8 U.S.C. § 1252(g) specifically strips the Court of jurisdiction to grant the relief petitioner requests. Petitioner seeks a writ of habeas corpus to "initiate removal proceedings under 8 U.S.C. § 1229 et seq." But 8 U.S.C. § 1252(g) states, "[e]xcept as provided in this section, and notwithstanding any other provision of law (statutory or nonstatutory*), including section 2241 of Title 28, or any other habeas corpus provision*, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added).

The Ninth Circuit has specifically found that "[8 U.S.C.] § 1252(g), which removes our jurisdiction over 'decision[s] ... to commence proceedings' […] include[s] not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding. *See Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002); *Richards-Diaz v. Fasano,* 233 F.3d 1160, 1165 (9th Cir. 2000) ("We are in no position to review the timing of the Attorney General's decision to 'commence proceedings.'"), *vacated on other grounds by Fasano v. Richards-Diaz,* 533 U.S. 945, 121 S.Ct. 2584, 150 L.Ed.2d 745 (2001); *see AADC,* 525 U.S. at 487, 119 S.Ct. 936 (A "challenge to the

1 | Attorney General's decision to 'commence proceedings' ... falls squarely within §
2 | 1252(g).").
3 |     Accordingly, it appears from the face of the petition that the Court lacks
4 | jurisdiction to grant petitioner habeas relief. Petitioner is therefore directed to show
5 | cause on or before **October 5, 2020**, why his petition should not be dismissed for lack
6 | of jurisdiction.
7 |
8 |     Dated this 3rd day of September, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4