UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MING FAI LEE,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JAMES KEY,<br><br>　　　　　　　Respondent. | CASE NO. 3:20-cv-05631-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Ming Fai Lee, a prisoner incarcerated at Airway Heights Corrections Center and serving a state prison sentence, filed a *pro se* federal habeas petition under 28 U.S.C. § 2254. Dkt. 3. After reviewing the petition, the Court ordered petitioner to show cause by October 5, 2020 why the case should not be dismissed on the grounds the Court lacks jurisdiction to grant relief. Dkt. 5. The Court granted petitioner's request for an extension to respond and ordered him to show cause by November 12, 2020 why the case should not be dismissed. Dkt. 6, 7. Petitioner filed a response on November 12, 2020 arguing the Court should grant the relief requested. Dkt. 9.

Having reviewed the record and petitioner's response to the show cause order, the Court recommends the habeas petition be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under Rule 4 of the Rules Governing § 2254 cases, the Court must perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. See Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

### A. Petitioner's Claim

The habeas petition alleges petitioner was convicted and sentenced to 60 months of imprisonment on May 17, 2019 in Jefferson County Superior Court, case number 18-1-00075-16 for the crimes of Attempted Rape of a Child, Commercial Sexual Abuse of a Minor, and Communicating with a Minor for Immoral Purposes. Dkt. 3. Petitioner states he was found guilty after pleading "no contest" and that he did not seek further review by a higher state court or file any other petitions, applications or motions concerning his judgment of conviction in state court. *Id*.

Petitioner contends his petition does not challenge his conviction and sentence but rather concerns 8 U.S.C. § 1229 immigration removal proceedings. *Id*. He alleges 8 U.S.C. § 1229 and his Fourteenth Amendment Due Process rights were violated because "after conviction, I am subject to expeditious removal proceedings which have not been afforded to date." *Id*. He seeks a writ of habeas corpus to "initiate removal proceedings under 8 U.S.C. § 1229 et seq." *Id*. He contends under 28 U.S.C. § 2341 and § 2348 an "alien individual's interests are affected by removal proceedings." *Id*. He also claims the Court has jurisdiction under 28 U.S.C. § 1407. *Id*.

REPORT AND RECOMMENDATION - 2

As relief he asks the Court order he be removed from the country and deported to Hong Kong. *Id*.

### B.  Habeas Relief under 28 U.S.C. § 2254

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. A § 2254 petition is the federal remedy for prisoners challenging the fact or duration of imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) ("the writ of habeas corpus is limited to attacks upon the legality or duration of confinement"). However, petitioner specifically states he is not challenging the validity of his state judgment and conviction. Rather he asks the Court to order James Key, the superintendent of the state prison in which petitioner is serving his sentence to initiate federal removal proceedings under 8 U.S.C. § 1229 and remove him to Hong Kong. Because petitioner does not challenge the validity of his state court judgment or sentence, a 28 U.S.C. § 2254 habeas petition is not the appropriate means to obtain the relief he asks the Court to grant.

Additionally, petitioner fails to meet the custody requirement required in order to obtain § 2254 relief. Federal habeas corpus jurisdiction is limited to petitions from individuals who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The "in custody" requirement is jurisdictional. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

Petitioner is in the custody of a state prison and serving a state criminal sentence. He does not challenge the sentence. Rather, he argues "INS be ordered to either remove the detainer

REPORT AND RECOMMENDATION - 3

or immediately commence deportation proceedings." Dkt. 9 at 3 (response to show cause order). However, an immigration detainer is merely a request to a law enforcement agency or prison to notify the United States Department of Homeland Security ("DHS") before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings. 8 C.F.R. § 287.7; *see also Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future.").

Accordingly, "'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995) (quoting *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir.1994)); *see also United States v. Female Juvenile, A.F.S.*, 377 F.3d 27, 35 (1st Cir. 2004) ("[A]n INS detainer is not, standing alone, an order of custody. Rather, it serves as a request that another law enforcement agency notify the [Immigration and Naturalization Service] before releasing an alien from detention so that the INS may arrange to assume custody over the alien."). In sum habeas relief should be denied because petitioner fails to meet the habeas in-custody requirement.

### C. The Court Lacks Jurisdiction

Under 8 U.S.C. § 1252(g) the Court is specifically stripped of jurisdiction to grant the relief petitioner requests. Petitioner seeks a writ of habeas corpus to "initiate removal proceedings under 8 U.S.C. § 1229 et seq." But 8 U.S.C. § 1252(g) states, "[e]xcept as provided in this section, and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

REPORT AND RECOMMENDATION - 4

1  adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §

2  1252(g) (emphasis added).

3  The Ninth Circuit has specifically found "[8 U.S.C.] § 1252(g), which removes our

4  jurisdiction over 'decision[s] ... to commence proceedings' […] include[s] not only a decision in

5  an individual case whether to commence, but also when to commence, a proceeding. *See*

6  *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002); *Richards-Diaz v. Fasano*, 233

7  F.3d 1160, 1165 (9th Cir. 2000) ("We are in no position to review the timing of the Attorney

8  General's decision to 'commence proceedings.'"), vacated on other grounds by *Fasano v.*

9  *Richards-Diaz*, 533 U.S. 945, (2001). Accordingly, as it plainly appears from the face of the

10 petition the Court lacks jurisdiction to grant petitioner habeas relief, the Court recommends the

11 petition be denied and the case be dismissed with prejudice.

12 **CERTIFICATE OF APPEALABILITY**

13 A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

14 dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district

15 or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing

16 of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this

17 standard "by demonstrating that jurists of reason could disagree with the district court's

18 resolution of his constitutional claims or that jurists could conclude the issues presented are

19 adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

20 (2003).

21 Under this standard, the Court finds that no reasonable jurist would disagree petitioner's

22 habeas petition is not a vehicle for the relief he seeks, and that the Court lacks jurisdiction to

23 order initiation of federal removal or deportation proceedings. While petitioner may seek to cut

REPORT AND RECOMMENDATION - 5

short the prison sentence the state court imposed, the Court lack the jurisdiction to force deportation proceedings to be initiated. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **NOVEMBER 30, 2020.**  The Clerk should note the matter for **December 4, 2020**, as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6